RANDAZZA LEGAL GROUP, PLLC
Marc J. Randazza (NV Bar No. 12265)
Ronald D. Green (NV Bar No. 7360)
4035 S. El Capitan Way
Las Vegas, NV 89147
Telephone: 702-420-2001
Facsimile: 305-437-7662
ecf@randazza.com

*Attorneys for Petitioner,*
*AMA Multimedia, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: DMCA SECTION 512(H) SUBPOENA TO BORJAN SOLUTIONS, S.L. | Case No.: 2:16-cv-03006-JAD-GWF<br><br>**MOTION TO VACATE ORDER DATED SEPTEMBER 27, 2017** |

Petitioner/Movant AMA Multimedia, LLC, ("Movant") hereby moves this Honorable Court vacate its Order of September 27, 2017, (Dkt. No. 3), pursuant to Fed. R. Civ. P. 60(a) and/or (b)(1) or (6).[1] The Court, in its Order, denied Movant's Request for Issuance of a Subpoena (Dkt. No. 1) because it believed Movant "failed to attach a proposed subpoena as required by [17 U.S.C.] § 512(h)(2)." However, when Movant filed its Request to the Clerk for Issuance of Subpoena Pursuant to 17 U.S.C. § 512(h) on December 23, 2016, it attached the proposed subpoena to the manually filed motion. The Clerk executed the subpoena at that time,[2] and Plaintiff served it upon the intended recipient who

---

[1] To the extent applicable, this motion should otherwise be considered as brought under Rule 59.

[2] Pursuant to 17 U.S.C. § 512(h), a copyright owner may "request the clerk … issue a subpoena", which is "made by filing with the clerk", whereupon "the clerk shall expeditiously issue and sign the proposed subpoena". 17 U.S.C. §§ 512(h)(1), (2), & (4). As the Eighth Circuit has observed, the power to determine whether the preconditions have been met and whether to issue the subpoena are statutorily reserved solely for the clerk. *See Recording Indus. Ass'n v. Charter Communs., Inc. (In re Charter Communs., Inc.)*, 393 F.3d 771, 777-78 (8th Cir. 2005).

responded.  The Order should be vacated based on oversight of the record and/or the Clerk's inadvertent failure to properly docket the filings.

On December 23, 2016, Movant submitted by manual filing a Request to the Clerk for issuance of Subpoena Pursuant to 17 U.S.C. § 512(h), to Identify Alleged Infringers ("Request").[3]  Such was initially docketed at Case No. 16-MS-105.  Attached thereto as Exhibit A was a proposed subpoena.  A true and correct copy of that proposed subpoena appears as **Exhibit 1** hereto.  That Exhibit was not docketed by the Clerk.  The likely reason is that the Clerk reviewed the Request and endorsed the proposed subpoena.  A true and correct copy of the endorsed subpoena appears as **Exhibit 2** hereto.  The Clerk then presented that endorsed subpoena to Movant's counsel, likely explaining why it does not appear on the docket as proposed or endorsed.  Although the Clerk may have failed to abide the requirements of Fed. R. Civ. P. 79(a)(2), which requires marking and entering papers filed and process issued, the rules do not invalidate papers or process where the Clerk did not properly docket them.

Movant subsequently served the endorsed subpoena on Borjan Solutions, S.L., the intended recipient.   Borjan Solutions subsequently complied with it. *See* **Exhibit 3**, Letter from Matthew Shayefar dated January 15, 2017.  Although the Order can not undo the subpoena response, Movant wishes to ensure there is no misconception that the subpoena was, somehow, invalid, especially should Movant utilize the fruits of the subpoena in a subsequent proceeding.

The Order at issue was entered in error because the hard-copy documents were not properly docketed by the Clerk.  Thus, the Order constitutes oversight or omission under Rule 60(a), surprise under Rule 60(b)(1), and/or warranting relief under Rule 60(b)(6).  The Order otherwise warrants *vacatur* for mootness.

---

[3] Pursuant to L.R. IC 1-1(c)(1), miscellaneous cases are not filed electronically.  This case was opened as a miscellaneous case.

WHEREFORE Movant respectfully requests this Honorable Court vacate the Order of September 27, 2017.

Dated: September 29, 2017.

Respectfully submitted,

/s/ Ronald D. Green
Marc J. Randazza (NV Bar No. 12265)
Ronald D. Green (NV Bar No. 7360)
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, NV 89147

*Attorneys for Petitioner,*
*AMA Multimedia, LLC*